IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD MESSINA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLARION COUNTY CORRECTIONS, et al )<br>)<br>Defendants. )<br>) | Civil Action No. 09-598<br><br>District Judge David S. Cercone<br>Magistrate Judge Lisa Pupo Lenihan |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.     RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 18) be granted.

II.    REPORT

Plaintiff, Donald Messina, a state inmate formerly confined at the Clarion County Jail, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff complains that on October 16, 2006, the medical staff at the Clarion County Jail failed to properly treat a staff infection in his thumb. Defendants have filed a Motion to Dismiss the Complaint (doc. no. 18). For the reasons that follow, the Motion should be granted.

A. Standard of Review - Motion to Dismiss Under Rule 12(b)(6)

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint

and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. Additionally, "a civil rights claim 'must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." ' Coronado v. Goord, No. 99 Civ. 1674, 2000 WL 1372834, at *2 (S.D.N.Y. 2000) (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)).

Courts consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). In addition, factual allegations within documents described or identified in the complaint may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). A district court may consider these documents, as well as indisputably authentic documents, without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972).

### C. Limitations Periods

Plaintiff seeks recovery against Defendants under 42 U.S.C. § 1983. The limitations period for civil actions brought under 42 U.S.C. § 1983 is determined by state law.[1] Under Pennsylvania law, the applicable limitations period for civil rights actions asserted under 42 U.S.C. § 1983 is two years. *See* 42 Pa. Cons. Stat. § 5524.

The date when a civil rights action accrues (begins to run) is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring). A claim accrues when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the Defendant. *See* Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period); Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

Plaintiff's Complaint is signed and dated May 16, 2009. Due to the two-year limitations period, Plaintiff cannot impose liability against Defendants under 42 U.S.C. § 1983 based on events that occurred prior to May 16, 2007. The United States Supreme Court has held that the statute of limitations is not tolled for a federal claim unless state law provides an applicable tolling rule or provision. Board Of Regents of University of New York v. Tomanio, 446 U.S. 478 (1980). Pennsylvania has no such provision or rule. On the contrary, it is well settled in Pennsylvania that the filing of an action in state court does not operate to toll the running of the statute of limitations against an action in federal court. Royal-Globe Insurance Companies v. Hauck Manufacturing Co.,

---

1. *See* Goodman v. Lukens Steel Correctional Officer., 482 U.S. 656, 662 (1987) (42 U.S.C. § 1981); Wilson v. Garcia, 471 U.S. 261, 272-76 (1985) (42 U.S.C. § 1983); Bougher v. University of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989) (42 U.S.C. § 1985).

335 A.2d 460 (Pa. Super. 1975).  Consequently, Defendants are entitled to judgment as a matter of law with respect to Plaintiff's claims.  *Accord* Owens-El v. City of Pittsburgh, 210 F.3d 358 (3d Cir. 2000) (Table).  Moreover, Plaintiff cannot cure this defect through allowance of another amendment of his complaint.

### III.     CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 18) be granted.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

Dated: April 12, 2010                                          /s/ Lisa Pupo Lenihan
                                                               Lisa Pupo Lenihan
                                                               U.S. Magistrate Judge


cc:     Donald Messina, GG-0082
        SCI Dallas
        1000 Follies Road
        Dallas, PA 18612-0286